**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

CARL ROSS, *#454277, #4243759,*        *

Plaintiff                              *

v                                      *        Civil Action No. JKB-18-2078

WARDEN,                                *

Defendant

***

**MEMORANDUM OPINION**

Self-represented Plaintiff Carl Ross, an inmate at Eastern Correctional Institution in Westover, Maryland ("ECI"), filed the above-captioned 42 U.S.C. § 1983 civil rights action against ECI Warden Ricky Foxwell. ECF No. 1. Through the Complaint filed on July 9, 2018 and supplements filed on July 19, 2018 and September 10, 2018, Plaintiff alleges that he is being subjected to cruel and unusual punishment due to the excessively hot conditions during the spring and summer months at ECI. *Id.*; ECF Nos. 3, 12. He seeks monetary damages and injunctive relief. *Id.*

On October 9, 2018, Defendant filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment. ECF No. 13. The Court denied the motion without prejudice and instructed Defendant to file a responsive pleading that discusses the temperature conditions within Plaintiff's cell and the medical issues he allegedly suffered as a result of the heat. ECF Nos. 18, 19. Now pending is Defendant's Motion for Summary Judgment filed on November 4, 2019, ECF No. 28, which Plaintiff opposes, ECF No. 30. This Court deems a hearing unnecessary. *See* Local Rule 105.6 (D.Md. 2016). For the reasons set forth below, Defendant's motion shall be granted.

**Background**

As the Court stated in its previous memorandum opinion:

> Ross is a protective custody ("PC") inmate at ECI. ECF No. 13-2. He alleges that
> beginning in summer of 2017, ECI has provided inhumane conditions because of
> high temperatures within prisoner cells. ECF No. 3, p. 2. During the spring and
> summer months, Ross has had trouble sleeping due to the heat, and when he would
> sleep, he would "wake up in a pool of [his] own sweat with blurry doubled vision."
> *Id.* He also claims to suffer from heat rashes, sweat that smells, and dizzy spells as
> a result of the heat in his cell. ECF No. 3-1; ECF No. 12.

Mem. Op. at p. 2, ECF No. 18.

In Defendant's initial Motion to Dismiss or, in the Alternative, Motion for Summary

Judgment, Defendant noted that industrial-sized fans and ice water are provided in day rooms and

dining halls, which inmates can access for approximately 4 hours daily. Mot. to Dism. at p. 2,

ECF No. 13-1. In addition, when the heat index reaches 100 degrees, ice is distributed to inmates.

*Id.* With regard to Plaintiff's medical condition, Defendant stated that Plaintiff only filed one

complaint regarding heat between July 2017 and September 2018, that he denied shortness of

breath and dizziness upon examination, and that his skin rashes were not noted to be related to

heat. *Id.* at 3.

The Court denied Defendant's initial motion without prejudice, finding that it was unclear

whether the temperature conditions within Plaintiff's cell were inhumane and whether Plaintiff

suffered any injuries as a result of such conditions. ECF No. 18 at pp. 8-10. The Court directed

Defendant to file a responsive pleading addressing those issues. *Id.*

On November 4, 2019, Defendant filed a Motion for Summary Judgment supported by

several exhibits. Mot. for Summ. Judg., ECF No. 28. Defendant notes that on January 8, 2018,

ECI was accredited by the American Correctional Association ("ACA")[1] following "the

satisfactory completion of a rigorous self-evaluation, followed by an outside review by a team of

experienced, independent auditors." ACA Accreditation Report at p. 2, ECF No. 28-2. In pertinent

---

[1] The ACA is a professional membership organization that has helped establish national correctional policies
and advocates for safe, humane, and effective correctional operations. ECF No. 28-2 at p. 5.

2

part the ACA found, with regard to "environmental conditions," that "[l]ighting, noise and air circulation levels are all documented as being within stated requirements. The temperature is regulated with a powerful ventilation system and was acceptable for the season." *Id.* at p. 27. ECI was also audited by the Maryland Industrial Hygienist whose most recent finding on July 13, 2017 determined that the ACA standards for air circulation and temperature appropriate for summer and winter comfort zones were met or exceeded. Decl of. Tommy Harris, Correctional Maintenance Officer Supervisor at ¶4, ECF No. 28-3.

Defendant does not dispute that there is no air conditioning on the ECI housing tiers. *Id.* at ¶1. Rather, the tiers are equipped with air handlers throughout the housing units. *Id.* Each morning, the software program for Heating, Ventilation and Air Conditioning ("HVAC") is observed to make sure that the equipment is working throughout the facility. *Id.* The temperature is displayed for each area encompassing two tiers, and the system holds temperature data for 24 hours. *Id.* If there is a problem with ventilation, a work order may be submitted for repair. *Id.* From June to August 2017, June to August 2018, and June to August 2019, only one maintenance work order request was submitted for Housing Unit 5 A & B tiers, where Plaintiff is housed. *Id.* As a result of that request, dated June 1, 2017, the HVAC mechanic found that the heat had not been turned off yet for the summer season. *Id.* The heat pumps were then turned off and the ventilation in Housing Unit 5 was checked at the same time. *Id.*

With regard to Plaintiff's medical condition, Defendant submitted certified medical records dating from August 2018 to October 2019. Medical Records, ECF No. 28-5. On August 18, 2018, Plaintiff submitted a sick call request claiming that he had a lump on the side of his head and "a horrible rash, heat blisters, etc. It happened today out of nowhere. I think it is all sweat/heat related." *Id.* at p. 14. Upon examination on August 26, 2018, Plaintiff's hands were "dry with

3

whitened flaky skin peeling. Skin remains dry [and] intact." *Id.* at 11-12. Plaintiff stated that "it seems to be going away now" and he was advised to submit a sick call request if signs and symptoms of infection develop or symptoms do not subside. *Id.* at 12, 14. There is no other record of complaints from Plaintiff regarding his skin or heat-related issues during that time period. *See generally* ECF No. 28-5.

## Standard of Review

Rule 56(a) provides that summary judgment should be granted "if the movant shows that there is no *genuine* dispute as to any *material* fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (emphases added). "A dispute is genuine if 'a reasonable jury could return a verdict for the nonmoving party.'" *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (quoting *Dulaney v. Packaging Corp. of Am.*, 673 F.3d 323, 330 (4th Cir. 2012)). "A fact is material if it 'might affect the outcome of the suit under the governing law.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Accordingly, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment[.]" *Anderson*, 477 U.S. at 247-48 (emphasis in original). The Court must view the evidence in the light most favorable to the nonmoving party, *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014) (per curiam) (citation and quotation omitted), and draw all reasonable inferences in that party's favor, *Scott v. Harris*, 550 U.S. 372, 378 (2007) (citations omitted); *see also Jacobs v. NC. Admin. Office of the Courts*, 780 F.3d 562, 568-69 (4th Cir. 2015). At the same time, the Court must "prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993)).

**Discussion**

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). Conditions which "deprive inmates of the minimal civilized measure of life's necessities" may amount to cruel and unusual punishment. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). To the extent Plaintiff complains about the excessive heat in ECI, he raises conditions claims.

"[T]to establish the imposition of cruel and unusual punishment, a prisoner must prove two elements—that the deprivation of [a] basic human need was *objectively* sufficiently serious, and that *subjectively* the officials acted with a sufficiently culpable state of mind." *Shakka v. Smith,* 71 F.3d 162, 166 (4th Cir. 1995) (internal alterations omitted). "These requirements spring from the text of the amendment itself; absent intentionality, a condition imposed on an inmate cannot properly be called 'punishment,' and absent severity, such punishment cannot be called 'cruel and unusual.'" *Iko v. Shreve*, 535 F.3d 225, 238 (4th Cir. 2008). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o withstand summary judgment on an Eighth Amendment challenge to prison conditions a plaintiff must produce evidence of a serious or significant physical or emotional injury resulting from the challenged conditions." *Strickler v. Waters*, 989 F.2d 1375, 1381 (4th Cir. 1993).

When evaluating claims alleging excessive heat, courts consider the summer temperatures, humidity, ventilation, and severity and duration of the exposure. *See Chandler v. Crosby*, 379 F.3d 1278, 1295 (11th Cir. 2004). "[A] prisoner's mere discomfort, without more, does not offend

the Eighth Amendment." *Id.* (citing *Woods v. Edwards*, 51 F.3d 577, 581 (5th Cir. 1995) ("While the temperature in extended lockdown may be uncomfortable, that alone cannot support a finding that the plaintiff was subjected to cruel and unusual punishment in violation of the Eighth Amendment.")). During times of extreme heat, a reasonable prison official must afford remedial measures such as "the provision of fans, ice water, and daily showers" or the diversion of cool air and distribution of personal ice containers. *Hinojosa v. Livingston*, 807 F.3d 657, 670 (5th Cir. 2015) (citations omitted).

Here, Plaintiff claims that during the spring and summer months, the temperature inside ECI can reach "85° or higher, especially when humidity is involved." ECF No. 3 at p. 3. He claims that as a result, he suffered rashes, excessive sweating, blurry vision, "brief repeated fainting," and inability to sleep. *Id.* at 2-3. Even if Plaintiff satisfies the objective prong – that he was deprived of a basic human need and the deprivation was sufficiently serious, he fails to show that, subjectively, Defendant acted with a sufficiently culpable state of mind in imposing such conditions as punishment. From the declarations under oath and exhibits filed by Defendant, it is evident that although there is no air conditioning in the housing units at ECI, sufficient remedial measures have been afforded, including industrial fans and ice water in the common areas, the opportunity for inmates to keep personal fans, and the distribution of ice during times of extreme heat. Although Plaintiff states in his response that he never saw auditors on his tier, the record reflects that ECI was evaluated by the ACA and the Maryland Industrial Hygienist, both of which found that the temperature within the facility met or exceeded the standards.

Moreover, Plaintiff cannot withstand summary judgment because he has failed to produce evidence of a serious or significant physical or emotional injury that resulted from the challenged conditions. From his medical record, it does not appear that he suffered the injuries alleged in his

Complaint.  Although Plaintiff submitted a sick call request regarding a possible heat rash in the summer of 2018, he stated during the resulting medical visit that "it seems to be going away now." ECF No. 28-5.  Plaintiff was advised to submit a sick call request if signs and symptoms of infection develop or symptoms do not subside, but it does not appear that he did so.

For the foregoing reasons, Defendant is entitled to summary judgment.

### Conclusion

Defendant's Motion for Summary Judgment is granted.  A separate Order follows.

Dated this ___10___ day of September, 2020.

FOR THE COURT:

James K. Bredar
Chief Judge